

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00017-CR
_____

ROBERT LEE DELACRUZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 6179; Honorable Stuart Messer, Presiding

July 17, 2018

## ORDER OF DISMISSAL

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pending before this court is the *Motion to Dismiss Appeal* of Appellant, Robert Lee Delacruz. In 2017, pursuant to a plea bargain, Appellant was placed on deferred adjudication for seven years for possession of methamphetamine in an amount of four grams or more but less than 200 grams.[1] A $500 fine and restitution of $180 was assessed in the order deferring adjudication. The State subsequently moved to proceed with an adjudication of guilt based on Appellant's violations of the conditions of his

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2017). Appellant's range of punishment was enhanced from that of a second degree felony to a first degree felony by a prior felony conviction. TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2017).

community supervision. Appellant pled not true to the allegations in the State's motion. The trial court adjudicated Appellant guilty of the original offense, sentenced him to fifty years imprisonment, and assessed a $500 fine and restitution of $180. Appellant appealed the trial court's judgment.

On June 7, 2018, Appellant's counsel filed a motion to dismiss the appeal. The motion was not signed by Appellant as required by Rule 42.2(a) of the Texas Rules of Appellate Procedure; however, the record demonstrates that Appellant agreed to dismiss his appeal as part of a plea bargain agreement in another criminal case. On February 26, 2018, Appellant appeared before the 100th District Court for Hall County in cause number 3823 on a motion to adjudicate and agreed to dismiss the appeal in the "Childress County Cause" as part of a plea-bargain agreement. The trial court sentenced Appellant in accordance with the plea recommendation. A copy of the transcript from that hearing was filed with Appellant's motion to dismiss indicating Appellant's desire to dismiss this appeal.

Under these circumstances, based upon Appellant's agreement to dismiss this appeal pursuant to his plea-bargain agreement in cause number 3823 in the 100th District Court for Hall County, we suspend the operation of Rule 42.2(a) insofar as it requires Appellant's signature. *See* TEX. R. APP. P. 2, 42.2(a). Accordingly, no decision of this court having been delivered, the motion is granted, and the appeal is dismissed. Inasmuch as this appeal is dismissed at Appellant's request, no motion for rehearing will be entertained, and our mandate will issue forthwith.

Per Curiam

Do not publish.

2